■ Rose Beharry, Appellant, v Ulrich Guzman, Defendant, and North Shore-Long Island Jewish Health System et al., Respondents. [823 NYS2d 195]—

In an action, inter alia, to recover damages, in effect, for employment discrimination in violation of Executive Law § 296, the plaintiff appeals from an order of the Supreme Court, Nassau County (Joseph, J.), entered May 17, 2005, which granted the motion of the defendants North Shore-Long Island Jewish Health System and North Shore University Hospital, Inc., for summary judgment dismissing the third and fourth causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing the fourth cause of action and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The third cause of action of the complaint, in effect, alleges that the defendants North Shore-Long Island Jewish Health System and North Shore University Hospital, Inc. (hereinafter collectively the Hospital), discriminated in the plaintiff's employment based on sex due to a hostile work environment (*see* Executive Law § 296 [a] [1]; *Vitale v Rosina Food Prods.*, 283 AD2d 141, 142-143 [2001]; *San Juan v Leach*, 278 AD2d 299, 299-300 [2000]; *Mauro v Orville*, 259 AD2d 89, 91 [1999]; *Espaillat v Breli Originals*, 227 AD2d 266, 267-268 [1996]; *Matter of Father Belle Community Ctr. v New York State Div. of Human Rights*, 221 AD2d 44, 50-51 [1996]). A hostile work environment exists " '[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment' " (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 310 [2004], quoting *Harris v Forklift Systems, Inc.*, 510 US 17, 21 [1993]; *see Vitale v Rosina Food Prods., supra* at 143). Even a single incident of sexual harassment can create a hostile work environment if the alleged conduct is sufficiently severe (*see San Juan v Leach, supra* at 300). To recover against an employer for the discriminatory acts of its employee, the plaintiff must demonstrate that the employer became a party to such conduct by encouraging, condoning, or approving it (*see Matter of State Div. of Human Rights v St. Elizabeth's Hosp.*, 66 NY2d 684, 687 [1985]; *Matter of Totem Taxi v New York State Human Rights Appeal Bd.*, 65 NY2d 300, 305 [1985]).

The Hospital made a prima facie showing of entitlement to judgment as a matter of law dismissing the hostile work environment cause of action (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition thereto, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court correctly granted that branch of the Hospital's motion which was for summary judgment dismissing the third cause of action.

The fourth cause of action alleges, in effect, that the Hospital engaged in unlawful retaliation against the plaintiff, in violation of Executive Law § 296 (7). To establish that claim, the plaintiff must show that "(1) she has engaged in a protected activity, (2) her employer was aware that she participated in that activity, (3) she suffered an adverse employment action based upon her activity, and (4) there is a causal connection between the protected activity and the adverse action" (*Forrest v Jewish Guild for the Blind, supra* at 312-313). Here, the essence of the plaintiff's retaliation claim is that she complained to the Hospital and to the Equal Employment Opportunity Commis-

sion of alleged sexual harassment by the defendant Ulrich Guzman, her supervisor. She alleges that the Hospital terminated her employment as a result.

The Hospital disputes only the causal connection between the plaintiff's engaging in a protected activity and her termination. On this element, the Hospital made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp., supra*). However, in opposition to this branch of the Hospital's motion, the plaintiff raised a triable issue of fact. Accordingly, the Supreme Court should have denied that branch of the Hospital's motion which was for summary judgment dismissing the fourth cause of action. Miller, J.P., Goldstein, Mastro and Dillon, JJ., concur.