■ Jones Sledzik Garneau & Nardone, LLP, Respondent, v Galit Schloss, Appellant. [829 NYS2d 230]—

In an action to recover legal fees, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Barone, J.), entered November 15, 2004, which granted the plaintiff's motion for summary judgment, dismissed the defendant's affirmative defenses, and denied her cross motion to dismiss the complaint, and (2) a judgment of the same court entered November 17, 2004, which, upon the order, is in favor of the plaintiff and against her in the sum of $97,119.17.

Ordered that the appeals are dismissed, without costs or disbursements.

The order granting summary judgment was dated and entered on November 15, 2004. The judgment, which was also dated November 15, 2004, was entered two days later on November 17, 2004. The plaintiff served the order with notice of entry of the order by overnight mail on November 16, 2004 and served the judgment with notice of entry on November 20, 2004. The defendant filed a notice of appeal on December 21, 2004, specifying the paper being appealed as the "Short Form Order of the Supreme Court, Westchester County, dated November 5 [*sic*], 2004." Six months later, the defendant filed a notice of appeal from the November 15, 2004 judgment.

An appeal must be taken "within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry" (CPLR 5513 [a]). The time period for filing a notice of appeal is nonwaivable and jurisdictional (*see Matter of Haverstraw Park v Runcible Props.*, 33 NY2d 637 [1973]; *Matter of Ogborn v Hilts*, 262 AD2d 857 [1999]). Both notices of appeal were untimely under CPLR 5513 (a).

Accordingly, the defendant failed to comply with the jurisdictional requirement of CPLR 5513 and the appeals must be

dismissed (*see People ex rel. McReynolds v Commissioner, Off. of Mental Retardation & Dev. Disabilities,* 19 AD3d 438 [2005]; *Matter of Eagle Ins. Co. v Soto,* 254 AD2d 483 [1998]; *Deygoo v Eastern Abstract Corp.,* 204 AD2d 596 [1994]). Mastro, J.P., Santucci, Fisher and Dillon, JJ., concur.