■ FLORA BARNUM, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant, et al., Defendant. [878 NYS2d 454]—

In an action, inter alia, in effect, to recover damages for

discrimination in employment on the basis of sex in violation of Executive Law § 296, the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated June 11, 2008, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint insofar as asserted against it is granted.

On March 2, 2004, a supervisor filling in for the plaintiff's regular supervisor made offensive comments to the plaintiff in the presence of other employees, touched her thigh and, a few minutes later, patted her on the buttocks as she was working. The defendant New York City Transit Authority (hereinafter the NYCTA) investigated the plaintiff's complaint of sexual harassment, found it to be substantiated, and disciplined the supervisor, suspending him without pay for 20 days and prohibiting him from supervising the plaintiff for a year. Subsequently, the plaintiff allegedly learned that coworkers were making disparaging remarks about her concerning the incident, which negatively affected her relationship with them. Additionally, on a Saturday approximately four months after the sexual harassment incident, the plaintiff was assigned to work for the day at a station where the offending supervisor usually worked during the week. Although he was not on duty that day, the plaintiff believed she would see him, suffered a panic attack, and fell and hit her head, requiring medical treatment. The plaintiff commenced this action, alleging, in effect, that she had been subjected to employment discrimination on the basis of sex due to a hostile work environment.

Under Executive Law § 296, "[a] hostile work environment exists when the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment" (*Morse v Cowtan & Tout, Inc.,* 41 AD3d 563, 564 [2007]; *see Harris v Forklift Systems, Inc.,* 510 US 17, 21 [1993]; *Forrest v Jewish Guild for the Blind,* 3 NY3d 295, 310 [2004]). "[T]he conduct must both have altered the conditions of the victim's employment by being subjectively perceived as abusive by the plaintiff, and have created an objectively hostile or abusive environment—one that a reasonable person would find to be so" (*Forrest v Jewish Guild for the Blind,* 3 NY3d at 311). "To recover against an employer for the discriminatory acts of its employee, the plaintiff must

demonstrate that the employer became a party to such conduct by encouraging, condoning, or approving it" (*Beharry v Guzman,* 33 AD3d 742, 743 [2006]; *see generally Matter of State Div. of Human Rights v St. Elizabeth's Hosp.,* 66 NY2d 684, 687 [1985]). Moreover, under Executive Law § 296, it is a defense to a claim of harassment arising from the conduct of a supervisory employee that the employer "exercised reasonable care to prevent and correct promptly [the] discriminatory conduct . . . and that the plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to otherwise avoid harm" (*Forrest v Jewish Guild for the Blind,* 3 NY3d at 312 n 10; *see Burlington Industries, Inc. v Ellerth,* 524 US 742, 765 [1998]; *Farragher v Boca Raton,* 524 US 775, 805-808 [1998]).

In support of its motion for summary judgment, the NYCTA established that it did not approve or condone the behavior of its supervisor (*see Beharry v Guzman,* 33 AD3d at 743; *Ellis v Child Dev. Support Corp.,* 5 AD3d 430 [2004]). Further, viewing the totality of the evidence in the light most favorable to the plaintiff (*see Gonzalez v Metropolitan Life Ins. Co.,* 269 AD2d 495, 496 [2000]), the offensive conduct was not sufficiently severe or pervasive to alter the conditions of her employment and create an objectively hostile or abusive work environment (*see Thompson v Lamprecht Transp.,* 39 AD3d 846, 847 [2007]; *Morse v Cowtan & Tout, Inc.,* 41 AD3d at 564), and, in any event, the NYCTA exercised reasonable care to prevent and correct promptly the discriminatory conduct engaged in by its supervisory employee. Thus, the NYCTA made a prima facie showing of entitlement to judgment as a matter of law dismissing the hostile work environment cause of action (*see Forrest v Jewish Guild for the Blind,* 3 NY3d at 305; *Beharry v Guzman,* 33 AD3d at 743; *Thompson v Lamprecht Transp.,* 39 AD3d at 847). In opposition, the plaintiff failed to raise a triable issue of fact.

This action was commenced in 2004, but the current liberalized standards of interpretation (*see* Administrative Code of City of NY § 8-130; Local Civil Rights Restoration Act [Local Law No. 85 (2005) of City of New York §§ 1, 7]) applicable to the New York City Human Rights Law (Administrative Code of City of NY §§ 8-101 *et seq.*) did not become effective until 2005 (*see* Local Civil Rights Restoration Act [Local Law No. 85 (2005) of City of New York § 12]). Consequently, to the extent that the complaint may be read as asserting a cause of action pursuant to the New York City Human Rights Law, the issue of whether summary judgment should have been awarded to the NYCTA dismissing that cause of action must be assessed in accordance

with the law in effect as of the date of the commencement of the action (*id.*), which required us to apply the standards for recovery under title VII of the federal Civil Rights Act of 1964 (42 USC § 2000e-2 *et seq.*) to claims asserted pursuant to both the Executive Law and the New York City Human Rights Law (*see McGrath v Toys "R" Us, Inc.,* 3 NY3d 421, 429 [2004]; *Forrest v Jewish Guild for the Blind,* 3 NY3d 295, 305 n 3 [2004]; *cf. Morse v Cowtan & Tout, Inc.,* 41 AD3d 563 [2007]). Applying those standards, summary judgment should have been awarded to the NYCTA dismissing any such cause of action.

Accordingly, the Supreme Court should have granted the NYCTA's motion for summary judgment dismissing the complaint insofar as asserted against it. Spolzino, J.P., Santucci, Belen and Lott, JJ., concur.