■ JERRY CLARK, Appellant, v PFIZER, INC., Respondent. [881 NYS2d 333]—In an action, inter alia, to recover damages for harassment, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Knipel, J.), dated November 2, 2007, which granted the defendant's motion to dismiss the

complaint pursuant to CPLR 3211, and (2) an order of the same court dated March 26, 2008, which denied his motion for leave to reargue his opposition to the defendant's motion to dismiss the complaint and, in effect, for leave to replead so as to assert a cause of action to recover damages for discrimination in the terms, privileges, and conditions of employment in violation of Executive Law § 296.

Ordered that the appeal from the order dated November 2, 2007 is dismissed; and it is further,

Ordered that the appeal from so much of the order dated March 26, 2008, as denied that branch of the plaintiff's motion which was for leave to reargue his opposition to the defendant's motion is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 26, 2008 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The defendant correctly contends that the appeal from the order dated November 2, 2007 must be dismissed, inasmuch as the plaintiff failed to file a notice of appeal within 35 days after service upon him by mail of that order with notice of entry (*see* CPLR 2103 [b] [2]; [c]; 5513 [a]; *Matter of Wei v New York State Dept. of Motor Vehs.*, 56 AD3d 484, 485 [2008]; *Jones Sledzik Garneau & Nardone, LLP v Schloss*, 37 AD3d 417 [2007]; *Matter of Eagle Ins. Co. v Soto*, 254 AD2d 483 [1998]).

Moreover, the Supreme Court properly denied that branch of the plaintiff's motion which was, in effect, for leave to replead so as to assert a cause of action to recover damages for discrimination in the terms, privileges, and conditions of employment in violation of Executive Law § 296. A motion for leave to replead, although now constituting little more than a "poor substitute" or "arcane alternative" to a motion for leave to amend a pleading under CPLR 3025 (b) (*Janssen v Incorporated Vil. of Rockville Ctr.*, 59 AD3d 15, 19 [2008]), is still cognizable and is not expressly "constrained by any time limitation" (*id.*). Nonetheless, in the matter before us, the proposed complaint, as sought to be repleaded, is palpably insufficient and patently devoid of merit (*see Lucido v Mancuso*, 49 AD3d 220, 226-227 [2008]; *see also Barnum v New York City Tr. Auth.*, 62 AD3d 736 [2009]). Fisher, J.P., Dillon, Covello and Dickerson, JJ., concur.