09-0611-cv
Zakrzewska v. The New School

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term 2008

(Submitted: June 16, 2009                    Question Certified: July 27, 2009)

Docket No. 09-0611-cv

DOMINIKA ZAKRZEWSKA,

      *Plaintiff-Appellee*,

      -v.-

THE NEW SCHOOL,

      *Defendant-Appellant*,

Kwang-Wen Pan,

      *Defendant*.

Before: WINTER, CABRANES, and HALL, *Circuit Judges*.

The United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*) certified the following question to this Court: does the affirmative defense to employer liability articulated in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998), apply to sexual harassment and retaliation claims under section 8-107 of the New York City Administrative Code? *See Zakrzewska v. The New School*, 598 F. Supp. 2d 426, 437-438 (S.D.N.Y. 2009). We certify the question to the New York Court of Appeals because of the absence of authoritative state court decisions, the importance of the issue to the state, and the capacity of certification to resolve this litigation.

Certified to the New York Court of Appeals.

1

Thomas S. D'Antonio, Ward Norris Heller & Reidy, LLP, Rochester, NY, *for Defendant-Appellant.*

Jason L. Solotaroff, Giscan Solotaroff Anderson & Stewart LLP, New York, NY, *for Plaintiff-Appellee.*

PER CURIAM:

This interlocutory appeal presents a discrete question of law certified to us pursuant to 28 U.S.C. § 1292(b) by the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*): "Does the affirmative defense to employer liability articulated in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) apply to sexual harassment and retaliation claims under New York City Administrative [Code] Section 8-107?" *Zakrzewska v. The New School*, 598 F. Supp. 2d 426, 437-438 (S.D.N.Y. 2009).

## BACKGROUND

Plaintiff Dominika Zakrzewska sued her co-worker, defendant Kwang-Wen Pan, and her former employer, defendant-appellant The New School ("TNS"), alleging sexual harassment and retaliation in violation of the New York City Human Rights Law ("NYCHRL"), which is codified in part in the New York City Administrative Code, *see* N.Y.C. AD. C. § 8-107.[1] Plaintiff did not bring any claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").[2] On a

---

[1] The District Court had jurisdiction over this case, which only raises questions of state law, pursuant to 28 U.S.C. § 1332 because the plaintiff claimed damages in excess of $75,000 and the parties are citizens of different states. *See* Am. Compl. ¶ 3 ("Plaintiff . . . is a citizen of Poland. She is a Permanent Resident of the United States, is domiciled in Florida, and pursuant to 28 U.S.C. § 1332, is deemed a citizen of Florida."), *id.* at ¶ 4 (alleging that TNS, an institution of higher education, is incorporated in New York and has its principal place of business in New York City); and *id.* at ¶ 5 (alleging that Pan is a citizen of New York).

[2] Ordinarily, Title VII provides the cause of action for workplace harassment lawsuits brought in federal court. However, as the District Court observed, the instant case "is representative of an increasing volume of employment discrimination cases that are brought [in federal court] pursuant to one or both local New York anti-discrimination laws—the New York State Human Rights Law ("NYSHRL") and the NYCHRL—rather than Title VII . . . ." *Zakrzewska*, 598 F. Supp. 2d at 431 (footnote omitted).

2

motion for summary judgment by TNS, the issue of whether the affirmative defense to employer

sexual harassment liability for cases arising under Title VII set forth in *Faragher* and *Burlington Industries,*

*Inc.* applies under the NYCHRL. TNS maintains that this affirmative defense does apply and that TNS

has satisfied its requirements. Plaintiff, however, argues that this affirmative defense does not apply to

the NYCHRL. Furthermore, plaintiff argues, if the *Faragher-Ellerth* defense does apply, there is a

genuine issue of material fact as to whether TNS has satisfied its requirements and, therefore, summary

judgment is inappropriate. *Zakrzewska*, 598 F. Supp. 2d at 431-32 (footnotes omitted).

The District Court—in a thorough and comprehensive opinion—summarized the *Faragher-*

*Ellerth* defense as follows:

> In *Faragher* and *Ellerth*, the Supreme Court held that an employer is not liable under Title VII
> for sexual harassment committed by a supervisory employee if it sustains the burden of proving
> that (1) no tangible employment action "such as discharge, demotion, or undesirable
> reassignment" was taken as part of the alleged harassment, [*Ellerth*, 524 U.S. at 765,] (2) "the
> employer exercised reasonable care to prevent and correct promptly any sexually harassing
> behavior," [*Faragher*, 524 U.S. at 807,] and (3) "the plaintiff employee unreasonably failed to
> take advantage of any preventive or corrective opportunities provided by the employer or to
> avoid harm otherwise[, *id.*]"

*Zakrzewska*, 598 F. Supp. 2d at 432 (footnotes omitted). The District Court then concluded that, if the

*Faragher-Ellerth* defense applied to plaintiff's state law claims, TNS was entitled to judgment as a matter

of law. *See id.* at 432-34.

Turning its attention to whether the *Faragher-Ellerth* defense was available, the District Court

examined section 8-107, subdivision 13(b) of the New York City Administrative Code, which provides:

> An employer shall be liable for an unlawful discriminatory practice based upon the conduct of
> an employee or agent which is in violation of subdivision one or two of this section only where:
>
> (1) the employee or agent exercised managerial or supervisory responsibility; or
>
> (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in
> such conduct or failed to take immediate and appropriate corrective action; an employer shall
> be deemed to have knowledge of an employee's or agent's discriminatory conduct where that
> conduct was known by another employee or agent who exercised managerial or supervisory
> responsibility; or
>
> (3) the employer should have known of the employee's or agent's discriminatory conduct and

3

failed to exercise reasonable diligence to prevent such discriminatory conduct. N.Y.C. AD. C. 8-107, subd. 13(b). The District Court found that there was "at least some evidence" that Pan was a manager employed by TNS, and so TNS's liability for Pan's conduct turned on "the purely legal question whether *Farager-Ellerth* controls here despite the arguably different approach to employer vicarious liability embodied in the NYCHRL." *Zakrzewska*, 598 F. Supp. 2d at 434. After acknowledging that this was an open question of law within the Circuit, the District Court considered whether, "[a]s this is a diversity case, . . . the New York courts would be likely to apply *Faragher-Ellerth* or to adopt a different interpretation of Section 8-107, subd. 13(b)." *Id.* at 435.

In the District Court's view, "the plain language of Section 8-107, subd. 13(b), is inconsistent with the defense crafted by the Supreme Court in *Faragher* and *Ellerth*." *Id.* The state law "creates vicarious liability for the acts of managerial and supervisory employees even where the employer has exercised reasonable care to prevent and correct any discriminatory actions and even where the aggrieved employee unreasonably has failed to take advantage of employer-offered corrective opportunities." *Id.* Accordingly, the District Court concluded that *Faragher* and *Ellerth* did not apply to plaintiff's state law claims and that TNS was liable under state law for the harassment and retaliation allegedly committed by Pan, even though TNS would have otherwise qualified for the *Faragher-Ellerth* defense. *Id.* at 435-37. However, the District Court concluded that its "conclusion is not free from doubt," *id.* at 437, and that in light of the significance of the issue, certified the question pursuant to 28 U.S.C. § 1292(b).[3]

---

[3] Title 28, section 1292(b) of the United States Code states, in relevant part:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order . . . .

The case was submitted to this panel on a motion for leave to appeal on June 16, 2009 and we granted that motion two days later with the instruction that the motions panel would resolve the merits.

## DISCUSSION

### Standard of Review

We review *de novo* a district court's grant of summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, construing all facts in favor of the non-moving party. *See, e.g.*, *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). Summary judgment is only warranted upon a showing "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

### Certification

Both New York law and our own local rules permit us to certify to New York's highest court "determinative questions of New York law [that] are involved in a case pending before [us] for which no controlling precedent of the Court of Appeals exists." 22 N.Y.C.R.R. § 500.27; *see also* 2d Cir. R. 0.27 ("Where authorized by state law, this Court may certify to the highest court of a state an unsettled and significant question of state law that will control the outcome of a case pending before this Court."), *available at* 28 U.S.C. Rules Pamphlet, Pt. I 352 (2008). Whether we ask a state court to resolve unsettled legal questions will depend on, among other factors: "(1) the absence of authoritative state court decisions; (2) the importance of the issue to the state; and (3) the capacity of certification to resolve the litigation." *O'Mara v. Town of Wappinger*, 485 F.3d 693, 698 (2d Cir. 2007); *see also Reliance Ins. Co. v. PolyVision Corp.*, 474 F.3d 54, 58 (2d Cir. 2007) (characterizing the same three factors noted in *O'Mara* as "three *principal* issues" (emphasis added)); *Tinelli v. Redl*, 199 F.3d 603, 606 n.5 (2d Cir. 1999) ("Certification . . . is not proper where the question does not present a complex issue, there is no split of authority and sufficient precedents exist for us to make [a] determination." (internal quotation marks omitted)).

In light of these principles, we conclude that the question whether the *Faragher-Ellerth* defense

applies to section 8-107, subdivision 13(b) of the New York City Administrative Code is appropriate for certification. First, this question has not yet been addressed by the New York Court of Appeals.[4] Second, this is a question of considerable significance. As the District Court noted, employment discrimination cases are a substantial portion of the caseload for the District Courts of this Circuit. *See Zakrzewska*, 598 F. Supp. 2d at 437. Because plaintiffs often assert claims under state and city antidiscrimination laws, a resolution of the vicarious liability standards and defenses applicable under those statutes is needed. Although a decision from our Court is binding only within in the federal courts of our Circuit, our interpretation of the New York City Administrative Code would undoubtedly have some impact on employment discrimination claims pending in the state courts as well. We therefore proceed with caution and deference to the New York Court of Appeals. Third and finally, the answer to this question is necessary to the resolution of this lawsuit. *See Zakrzewska*, 598 F. Supp. 2d at 437 ("[T]his is a controlling question of law, the resolution of which would materially advance the ultimate termination of this litigation, as application of *Faragher-Ellerth* here would result in dismissal of the action against TNS.").

Accordingly, we certify the following question to the New York Court of Appeals:

Does the affirmative defense to employer liability articulated in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) apply to sexual harassment and retaliation claims under section 8-107 of the New York City Administrative Code?

The New York Court of Appeals may reformulate or expand upon these questions as it sees fit,

---

[4] We recognize that, after the District Court filed its opinion, the Appellate Division of the New York Supreme Court, First Department, suggested that the *Faragher-Ellerth* defense is not available in lawsuits brought under section 8-107 of the New York City Administrative Code because "the text and legislative history represent a desire that the [NYCHRL] meld the broadest vision of social justice with the strongest law enforcement deterrent." *Williams v. New York City Hous. Auth.*, 872 N.Y.S.2d 27, 32 (1st Dept. 2009) (internal quotations omitted). We also note that, in considering another state anti-discrimination statute, the New York's courts have recognized a *Faragher-Ellerth* defense. *See, e.g.*, *Barnum v. New York City Tr. Auth.*, 878 N.Y.S.2d 454, 455-56 (2d Dept. 2009) (considering a hostile work environment claim brought under section 296 of the New York Executive Law).

based on the record of this case.

## CONCLUSION

For the reasons stated above, the question presented is CERTIFIED to the New York Court of Appeals.

The Clerk of the Court shall transmit to the New York Court of Appeals a notice of certification, together with a copy of this opinion, the January 26, 2009 opinion of the District Court, and a complete record of the case, including the set of briefs, appendices, and record filed by the parties in this Court. This panel will retain responsibility for the decision of this case until we have reviewed the response of the New York Court of Appeals to our certification.

The parties shall bear equally any costs or fees imposed by the New York Court of Appeals.