09-0611-cv
Zakrzewska v. The New School

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term 2008

(Submitted: June 16, 2009                                   Decided: June 22, 2010)

Docket No. 09-0611-cv

DOMINIKA ZAKRZEWSKA,

       *Plaintiff-Appellee*,

       -v.-

THE NEW SCHOOL,

       *Defendant-Appellant*,

Kwang-Wen Pan,

       *Defendant.*

Before: WINTER, CABRANES, and HALL, *Circuit Judges.*

       We certified to the New York Court of Appeals the question of whether the affirmative defense

to employer liability articulated in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), and *Burlington*

*Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998), applies to sexual harassment and retaliation claims under

section 8-107 of the New York City Administrative Code.  *See Zakrzewska v. The New School*, 574 F.3d 24

(2d Cir. 2009).  The New York Court of Appeals has answered that question in the negative.

Accordingly, we affirm the January 26, 2009 order of the United States District Court for the Southern

District of New York (Lewis A. Kaplan, *Judge*) denying the motion for summary judgment of

defendant, The New School, and we remand the cause to the District Court for further proceedings.

       Affirmed and remanded.

1

Thomas S. D'Antonio, Ward Norris Heller & Reidy, LLP, Rochester, NY, *for Defendant-Appellant*.

Jason L. Solotaroff, Giscan Solotaroff Anderson & Stewart LLP, New York, NY, *for Plaintiff-Appellee*.

PER CURIAM:

We previously certified to the New York Court of Appeals the question of whether the affirmative defense to employer liability articulated in *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998) applies to sexual harassment and retaliation claims under New York City Administrative [Code] Section 8-107. *See Zakrzewska v. The New School*, 574 F.3d 24 (2d Cir. 2009). The New York Court of Appeals has answered our certified question in the negative. We now review the January 26, 2009 order of the United States District Court for the Southern District of New York (Lewis A. Kaplan, *Judge*) denying the motion for summary judgment of defendant The New School ("the School").[1]

## BACKGROUND

The facts and procedural history of this case are set forth in detail in our earlier opinion in this case, with which we assume the parties' familiarity. *See Zakrzewska*, 574 F.3d 24. We recite here only those facts pertinent to this opinion.

Plaintiff Dominika Zakrzewska sued her co-worker, defendant Kwang-Wen Pan, and her former employer, defendant-appellant The New School ("the School"), alleging sexual harassment and retaliation in violation of the New York City Human Rights Law ("NYCHRL"), which is codified in part in the New York City Administrative Code, *see* N.Y.C. AD. C. § 8-107.

The School moved for summary judgment on both the harassment and retaliation claims. In its motion for summary judgment, the School argued that summary judgment should be granted because (1) the affirmative defense to employer liability for sexual harassment cases arising under Title VII set

---

[1] We have jurisdiction to review this order under 28 U.S.C. § 1292(b).

forth in *Faragher* and *Ellerth* applies under the NYCHRL,[2] (2) that the School satisfied the requirements of the *Faragher-Ellerth* defense, and (3) with respect to the retaliation claim, even if the *Faragher-Ellerth* defense does not apply, plaintiff failed to establish a *prima facie* case of retaliation.

The District Court concluded that the *Faragher-Ellerth* defense does not apply under the NYCHRL and that there were questions of material fact as to whether Zakrzewska suffered retaliation. Accordingly, the District Court denied the School's motion for summary judgment on both the harassment and retaliation claims. *See Zakrzewska v. The New School*, 598 F. Supp. 2d 426, 437-38 (S.D.N.Y. 2009). Recognizing that its conclusion that the *Faragher-Ellerth* defense does not apply under the NYCHRL was "not free from doubt," *id.* at 437, the District Court certified that question for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b).[3] *Id.* at 437-38.

On appeal before our Court, we certified the same question—namely, whether the affirmative defense set forth in *Faragher* and *Ellerth* applies under the NYCHRL—to the New York Court of Appeals. *See Zakrzewska*, 574 F.3d at 28-29.

The New York Court of Appeals then answered our certified question in the negative concluding that the *Faragher-Ellerth* defense does not apply in cases brought under the NYCHRL. *See Zakrzewska v. The New School*, 2010 N.Y. LEXIS 632 (N.Y. 2010).

---

[2] In our earlier opinion in this case, we quoted the District Court's definition of the *Faragher-Ellerth* defense:

> In *Faragher* and *Ellerth*, the Supreme Court held that an employer is not liable under Title VII for sexual harassment committed by a supervisory employee if it sustains the burden of proving that (1) no tangible employment action "such as discharge, demotion, or undesirable reassignment" was taken as part of the alleged harassment, [*Ellerth*, 524 U.S. at 765,] (2) "the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior," [*Faragher*, 524 U.S. at 807,] and (3) "the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise[, *id.*]"

*Zakrzewska*, 574 F.3d at 26 (quoting *Zakrzewska*, 598 F. Supp. 2d at 432 (footnotes omitted)).

[3] The District Court did not certify the question of whether plaintiff stated a *prima facie* claim of retaliation, so we lack jurisdiction to consider it here.

3

## DISCUSSION

In denying defendant's motion for summary judgment, the District Court concluded that the School was not entitled to summary judgment because the *Faragher-Ellerth* defense does not apply to claims brought under the NYCHRL. The New York Court of Appeals has now confirmed that such a defense does not apply under the NYCHRL. Accordingly, we conclude that the District Court did not err in denying defendant's motion for summary judgment.

## CONCLUSION

For the reasons stated above, we affirm the January 26, 2009 order of the District Court denying defendant's motion for summary judgment, and we remand the cause to the District Court for further proceedings.