■ ROBERT RETTA et al., Respondents, v 160 WATER STREET ASSOCIATES, L.P., et al., Appellants, and ONESOURCE N.Y., INC., et al., Respondents. [942 NYS2d 525]—

Judgment, Supreme Court, New York County, (Barbara Jaffe, J.), entered June 16, 2011, and corrected July 18, 2011, dismissing plaintiff's complaint and all cross claims as against defendant OneSource, and bringing up for review that portion of an order, same court and Justice, entered April 12, 2011, that dismissed the complaint and all cross claims against OneSource,

unanimously affirmed, with costs. Appeal from the remainder of the April 12, 2011 order, unanimously dismissed, without costs, as untimely.

An appeal must be taken "within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry" (CPLR 5513 [a]). The time period for filing a notice of appeal is nonwaivable and jurisdictional (*see Matter of Haverstraw Park v Runcible Props. Corp.*, 33 NY2d 637 [1973]; *Jones Sledzik Garneau & Nardone, LLP v Schloss*, 37 AD3d 417 [2007]).

Pursuant to CPLR 5501 (a) (1), "[a]n appeal from a final judgment brings up for review . . . any non-final judgment or order which necessarily affects the final judgment" (*see also Siegmund Strauss, Inc. v East 149th Realty Corp.*, 81 AD3d 260, 267 [2010], *lv granted in part and dismissed in part* 17 NY3d 936 [2011]). "[W]hen an appeal from an intermediate order is perfected together with an appeal from a final judgment, the appeal from the intermediate order must be dismissed and any error alleged, to the extent that it affects the final judgment, may be reviewed upon the appeal from the final judgment" (*Chase Manhattan Bank, N.A. v Roberts & Roberts*, 63 AD2d 566, 567 [1978]).

Here, defendants 160 Water Street and Oestreicher Properties (160 Water Street) timely appealed from the judgment granting defendant OneSource summary judgment, bringing up for review that portion of the prior order which granted that relief. However, the remainder of the order was not brought up for review, and 160 Water Street's notice of appeal from that order was untimely.

As for the timely appeal, the provision at issue in the contract states that OneSource agreed to indemnify 160 Water Street "from and against any loss, damage or expense arising out of or from any injury to person or persons, or damage . . . arising out of or from any wrongful act or omission on the part of [OneSource], its agents, servants, employees *and the like*" (emphasis added). Plaintiff, an employee of a subcontractor of OneSource, does not qualify under the category "and the like," which follows the terms "agent, employee, or servant."

Agents, employees, and servants are all in relationships where they consent to act on behalf of another, i.e., principals, employers and masters, respectively, and remain subject to the other's control. Independent contractors differ in that important respect from agents, employees or servants (*see Kleeman v Rheingold*, 81 NY2d 270 [1993]; *Art Fin. Partners, LLC v Christie's Inc.*, 58 AD3d 469, 471 [2009]). Since an independent contractor

does not bear those important hallmarks shared by employees, servants and agents, they cannot be said to be included in the contract as "the like" and indemnity does not follow. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ. **[Prior Case History: 2011 NY Slip Op 30890(U).]**