Matter of Van Zwienen (2022 NY Slip Op 00868)





Matter of Van Zwienen


2022 NY Slip Op 00868


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
LARA J. GENOVESI, JJ.


2018-05275 
2018-05276

[*1]In the Matter of William H. Van Zwienen, deceased. Raymond E. Van Zwienen, respondent; Yan Ping Xu, appellant. (File No. 778/17)


Yan Ping Xu, Bay Shore, NY, appellant pro se.
McCoyd, Parkas & Ronan LLP, Garden City, NY (Ryan M. Jennings and Bill P. Parkas of counsel), for respondent.



DECISION & ORDER
In a contested probate proceeding in which Raymond E. Van Zwienen petitioned pursuant to SCPA 1902 and EPTL 11-1.1, inter alia, to recover possession of real property, the objectant Yan Ping Xu appeals from (1) a decree of the Surrogate's Court, Suffolk County (John M. Czygier, Jr., S.), dated November 30, 2017, and (2) an order of the same court dated April 5, 2018. The decree, upon an order dated November 30, 2017, inter alia, granting the petitioner's cross motion pursuant to CPLR 3126 to strike Yan Ping Xu's objections to the probate petition, admitted the last will and testament of the decedent to probate. The order dated April 5, 2018, inter alia, denied Yan Ping Xu's motion to vacate her default in appearing at the proceeding pursuant to SCPA 1902 and EPTL 11-1.1 and to dismiss that petition.
ORDERED that the appeal from the decree is dismissed; and it is further,
ORDERED that the order dated April 5, 2018, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondent.
William H. Van Zwienen (hereinafter the decedent) died on September 29, 2016. In February 2017, the decedent's son, the petitioner Raymond E. Van Zwienen, commenced a proceeding to admit to probate the decedent's last will and testament, dated October 17, 2014. Yan Ping Xu, the decedent's wife at the time of his death (hereinafter the appellant), filed objections to the petition. After the appellant, among other things, failed to appear for her continued deposition and at a pretrial conference, in an order dated October 5, 2017, the Surrogate's Court directed the appellant to comply with all outstanding discovery orders within 30 days. Thereafter, the appellant moved, inter alia, for an extension of the discovery deadline. The petitioner cross-moved pursuant to CPLR 3126 to strike the appellant's objections to the petition due to her willful failure to comply with court-ordered discovery obligations. In an order dated November 30, 2017, the court denied [*2]the appellant's motion and granted the cross motion. In a decree dated November 30, 2017, the court admitted the last will and testament of the decedent to probate.
In December 2017, the petitioner petitioned pursuant to SCPA 1902 and EPTL 11-1.1, inter alia, to recover possession of certain real property, which he alleged the appellant wrongfully occupied. In an order dated February 16, 2018, the Surrogate's Court found that the appellant had defaulted in appearing, and, inter alia, granted that branch of the petition which sought to recover possession of the property. The appellant moved to vacate her default and to dismiss the petition. In an order dated April 5, 2018, the court denied her motion. The appellant appeals from the decree and from the order dated April 5, 2018.
The petitioner correctly contends that the appeal from the decree must be dismissed as untimely. An appeal as of right must be taken "within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry" (CPLR 5513[a]). Where, as here, service is made within the state by mail, the period is extended five days (see CPLR 2103[b][2]; [c]). "The time period for filing a notice of appeal is nonwaivable and jurisdictional" (Jones Sledzik Garneau & Nardone, LLP v Schloss, 37 AD3d 417, 417; see Hecht v City of New York, 60 NY2d 57, 61; W. Rogowski Farm, LLC v County of Orange, 171 AD3d 79, 83). Here, the petitioner served the appellant with the decree and notice of its entry by mail on December 5, 2017. The appellant filed her notice of appeal from the decree on May 4, 2018, which was well after the 35 days prescribed by law. Accordingly, the appeal from the decree must be dismissed as untimely taken (see Rantinella v Tomas, 163 AD3d 1022, 1023; Clark v Pfizer, Inc., 64 AD3d 536, 537; Matter of Wei v New York State Dept. of Motor Vehs., 56 AD3d 484; Jones Sledzik Garneau & Nardone, LLP v Schloss, 37 AD3d at 417-418).
Turning to the appeal from the order dated April 5, 2018, the Surrogate's Court providently exercised its discretion in denying that branch of the appellant's motion which was to vacate her default in appearing in connection with the proceeding pursuant to SCPA 1902 and EPTL 11-1.1. To be relieved of the default, the appellant was required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense or objection to the petition (see CPLR 5015[a][1]; Matter of Elaine Langer Trust, 179 AD3d 1063, 1064; Matter of Evert, 72 AD3d 1081, 1082; Matter of Stewart, 65 AD3d 634, 635). Here, the appellant failed to provide a reasonable excuse for her failure to appear in the proceeding or a potentially meritorious defense or objection to the petition (see Matter of Buie, 186 AD3d 1516, 1517-1518; Matter of Elaine Langer Trust, 179 AD3d at 1064). Accordingly, her motion was properly denied.
BRATHWAITE NELSON, J.P., RIVERA, CHRISTOPHER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court