Smith v Sterling (2023 NY Slip Op 00686)

Smith v Sterling

2023 NY Slip Op 00686

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LINDA CHRISTOPHER
HELEN VOUTSINAS, JJ.

2020-00645
 (Index No. 602396/18)

[*1]Corine Smith, appellant, 
v
Walter Sterling, et al., respondents.

Borrelli & Associates, PLLC, Garden City, NY (Danielle E. Mietus, Alexander T. Coleman, and Michael J. Borrelli of counsel), for appellant.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby and Christi M. Kunzig of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for assault and battery, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered December 9, 2019. The order, insofar as appealed from, denied the plaintiff's cross-motion for leave to amend the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for assault and battery. The defendants moved for summary judgment dismissing the complaint on the basis that the causes of action were time-barred. The plaintiff conceded that the causes of action were time-barred and cross-moved for leave to amend the complaint to add causes of action to recover damages for violations of New York City's Victims of Gender-Motivated Violence Protection Law (Administrative Code of City of NY § 10-1101 et seq.) and Civil Rights Law § 79-n. In an order entered December 9, 2019, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion. The plaintiff appeals from so much of the order as denied her cross-motion.
The Supreme Court providently exercised its discretion in denying the plaintiff's cross-motion for leave to amend the complaint, as the proposed amendments were palpably insufficient and patently devoid of merit (see Chin v Doherty Enters., 207 AD3d 514, 516; Clark v Pfizer, Inc., 64 AD3d 536; Lucido v Mancuso, 49 AD3d 220, 226-227).
DUFFY, J.P., RIVERA, CHRISTOPHER and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court