Yanping Xu v Suffolk County (2025 NY Slip Op 07431)

Yanping Xu v Suffolk County

2025 NY Slip Op 07431

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
DONNA-MARIE E. GOLIA
PHILLIP HOM, JJ.

2023-10358
2023-10360
 (Index No. 206004/22)

[*1]Yanping Xu, appellant, 
vSuffolk County, et al., defendants, Raymond E. Van Zwienen, et al., respondents.

Yanping Xu, Islip, NY, appellant pro se.
Craco & Ellsworth, LLP, Huntington, NY (Andrew C. Ellsworth of counsel) for respondent Raymond E. Van Zwienen.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne, NY (Lisa L. Shrewsberry of counsel), for respondent Michelle Jablonsky.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from two orders of the Supreme Court, Suffolk County (Paul M. Hensley, J.), both dated June 20, 2023. The first order granted the motion of the defendant Michelle Jablonsky pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against her. The second order granted that branch of the motion of the defendant Raymond E. Van Zwienen which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him.
ORDERED that the orders are affirmed, with one bill of costs.
On July 15, 2008, the decedent established the William H. Van Zwienen Revocable Trust by written agreement and designated himself as the original trustee (hereinafter the trust). Under Article VI of the trust, the plaintiff, the decedent's wife, was designated the successor trustee upon the decedent's death. The trust was funded with certain real property (hereinafter the subject property). Thereafter, in December 2013, the decedent executed an amendment to the trust, which deleted Article VI(C) "in its entirety" and added a "new" Article VI(C), which, inter alia, designated the defendant Raymond E. Van Zwienen as the successor trustee upon the decedent's death. In October 2014, the decedent executed a second amendment to the trust, which amended Article II(B) of the trust to provide, among other things, that in the event the decedent was married to the plaintiff at the time of his death and the plaintiff was living in the subject property, the trustee shall hold the subject property, together with all the furniture and furnishings customarily used therein at the time of the decedent's death, for the sole benefit of the plaintiff as her personal residence for a period of six months from the date of the decedent's death. The second amendment further provided that after six months had passed from the date of the decedent's death, the trustee shall sell the subject property. The defendant Michelle Jablonsky represented the decedent in drafting the amendments to the trust.
On September 29, 2016, the decedent died. The decedent was survived by the [*2]plaintiff and his children, including Van Zwienen.
In or around December 2017, Van Zwienen, purportedly acting in his capacity as the successor trustee of the trust, filed a petition in the Surrogate's Court to recover possession of the subject property (hereinafter the prior proceeding). The plaintiff failed to appear on the date upon which the Surrogate's Court had marked the matter final, after failing to comply with discovery demands and failing to appear following adjournments that she requested, and failed to submit any pleading in opposition to the relief requested by Van Zwienen. In an order dated February 16, 2018, the Surrogate's Court, inter alia, determined that the plaintiff had defaulted in appearing, granted that branch of the petition which was to recover possession of the subject property, and directed the plaintiff to vacate the subject property within 10 days of being served with a copy of the order. The plaintiff subsequently moved, among other things, to vacate her default in appearing in the prior proceeding. In an order dated April 5, 2018, the Surrogate's Court, inter alia, denied that branch of the plaintiff's motion. On the plaintiff's appeal from the order dated April 5, 2018, this Court held that the Surrogate's Court providently exercised its discretion in denying that branch of the plaintiff's motion because the plaintiff failed to provide a reasonable excuse for her failure to appear in the prior proceeding or a potentially meritorious defense or objection to the petition (see Matter of Van Zwienen, 202 AD3d 802, 804).
In December 2018, the plaintiff was evicted from the subject property. Thereafter, Van Zwienen, purportedly acting as successor trustee of the trust, sold the subject property.
In November 2022, the plaintiff commenced this action, among other things, to recover damages for fraud. The plaintiff then served and filed an amended complaint against Van Zwienen and Jablonsky, among others, alleging, inter alia, that the plaintiff was the successor trustee under the trust, that Van Zwienen had commenced the prior proceeding to recover the subject property from the plaintiff "by falsely posing as the nominated successor trustee," and that as a result of Van Zwienen's actions, the plaintiff was intentionally deprived of her property rights in the subject property. The amended complaint further alleged, in effect, a violation of Judiciary Law § 487(1) against Jablonsky on the ground that she "falsely swore" in her affidavit that was submitted in the prior proceeding that Van Zwienen was "the successor trustee."
In March 2023, Jablonsky moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against her on the ground, among others, that it was barred by the doctrine of collateral estoppel. Van Zwienen moved, inter alia, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him on the ground, among others, that it was barred by the doctrine of collateral estoppel. In an order dated June 20, 2023, the Supreme Court granted Jablonsky's motion. In a second order dated June 20, 2023, the court granted that branch of Van Zwienen's motion. The plaintiff appeals from both orders dated June 20, 2023.
"Collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Gold v Rothfeld, 220 AD3d 717, 718 [internal quotation marks omitted]; see Ryan v New York Tel. Co., 62 NY2d 494, 500). "The party seeking the benefit of collateral estoppel bears the burden of proving that the identical issue was necessarily decided in the prior action and is decisive of the present action, and the party against whom preclusion is sought bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination" (Fowler v Indymac Bank, FSB, 176 AD3d 682, 684 [alteration and internal quotation marks omitted]; see Matter of A. Ottavino Prop. Corp. v Incorporated Vil. of Westbury, 203 AD3d 920, 921).
Here, the Supreme Court properly determined that the plaintiff was barred by the doctrine of collateral estoppel from raising the issue of the identity of the successor trustee under the trust, as that issue had necessarily been decided against the plaintiff in the prior proceeding by the order of the Surrogate's Court dated April 5, 2018, and was decisive in the instant action (see Gold v Rothfeld, 220 AD3d at 718; Matter of Van Zwienen, 202 AD3d at 804). "While, [a]n issue is not actually litigated if, for example, there has been a default, collateral estoppel may be properly applied to default judgments where the party against whom preclusion is sought appears in the prior action, [*3]yet willfully and deliberately refuses to participate in those litigation proceedings, or abandons them, despite a full and fair opportunity to do so" (Miller v Falco, 170 AD3d 707, 709 [citation and internal quotation marks omitted]). Here, the plaintiff failed to establish that she did not have a full and fair opportunity to litigate the issue of whether Van Zwienen was the successor trustee in the prior proceeding after she repeatedly failed to appear in the prior proceeding following adjournments that she requested (see Matter of Van Zwienen, 202 AD3d at 804; Miller v Falco, 170 AD3d at 709).
Accordingly, the Supreme Court properly granted Jablonsky's motion and that branch of Van Zwienen's motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them as barred by the doctrine of collateral estoppel.
The parties' remaining contentions either are not properly before us or need not be addressed in light of our determination.
DILLON, J.P., GENOVESI, GOLIA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court