New Residential Mtge. Loan Trust 2017-1-RPL1 v Hafferkamp

2026 NY Slip Op 02276

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

New Residential Mortgage Loan Trust 2017-1-RPL1, respondent,

v

Ronald R. Hafferkamp, appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2020-08883, 2020-08884, (Index No. 619330/18)

Francesca E. Connolly, J.P.

Cheryl E. Chambers

Helen Voutsinas

Elena Goldberg Velazquez, JJ.

Ronald R. Hafferkamp, Mastic, NY, appellant pro se.

Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the defendant Ronald R. Hafferkamp appeals from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated January 24, 2020, and (2) an order of the same court dated October 6, 2020. The order dated January 24, 2020, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Ronald R. Hafferkamp and for an order of reference, and denied that branch of the cross-motion of the defendant Ronald R. Hafferkamp which was to dismiss the complaint insofar as asserted against him.

ORDERED that the appeals are dismissed, with one bill of costs.

In October 2018, the plaintiff commenced this action to foreclose a mortgage against, among others, the defendant Ronald R. Hafferkamp. In October 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Hafferkamp and for an order of reference. Hafferkamp opposed the motion and cross-moved, among other things, to dismiss the complaint insofar as asserted against him. In an order dated January 24, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied that branch of Hafferkamp's cross-motion. Thereafter, Hafferkamp moved for leave to renew and reargue his prior cross-motion and his opposition to the plaintiff's prior motion. In an order dated October 6, 2020, the court denied Hafferkamp's motion. Hafferkamp appeals from both orders.

The appeal from the order dated October 6, 2020, must be dismissed as abandoned, as the brief filed by Hafferkamp does not seek reversal or modification of any portion of that order (see Teodoro v C.W. Brown, Inc., 200 AD3d 999, 1000; D.S. v Poliseno, 189 AD3d 1102, 1104; Sanchez v Rivera, 171 AD3d 965, 966).

Further, the plaintiff correctly contends that the appeal from the order dated January 24, 2020, must be dismissed as untimely. An appeal as of right must be taken "within thirty days after service by a party upon the appellant of a copy of the judgment or order appealed from and written notice of its entry" (CPLR 5513[a]). Where, as here, service is made within the state by mail, [*2]the period is extended by five days (see id. § 2103[b][2]; [c]). "The time period for filing a notice of appeal is nonwaivable and jurisdictional" (Jones Sledzik Garneau & Nardone, LLP v Schloss, 37 AD3d 417, 417; see Matter of Van Zwienen, 202 AD3d 802, 804). Here, the plaintiff served Hafferkamp with a copy of the order dated January 24, 2020, and notice of its entry by mail on February 10, 2020. However, Hafferkamp did not file his notice of appeal until November 10, 2020, which was well after the 35 days prescribed by law. Accordingly, the appeal from the order dated January 24, 2020, must be dismissed as untimely taken (see Rantinella v Tomas, 163 AD3d 1022, 1023).

CONNOLLY, J.P., CHAMBERS, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court