16-973-cv(L)
Makinen, et al. v. City of New York, et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2016

(Argued: March 9, 2017      Decided: May 22, 2017)

Docket Nos. 16-973-cv(L), 16-1080-cv(XAP)

_____

KATHLEEN MAKINEN, JAMIE NARDINI,

*Plaintiffs–Appellees–Cross-Appellants*,

v.

CITY OF NEW YORK, RAYMOND W. KELLY, as Police Commissioner of the City of New York, DANIEL J. SWEENEY, individually and in his official capacity,

*Defendants–Appellants–Cross-Appellees.*[*]

_____

Before:

SACK, LIVINGSTON, and LOHIER, *Circuit Judges*.

We consider a provision of the New York City Human Rights Law ("NYCHRL") that defines only "recovering" or "recovered" alcoholics as having a "disability." See N.Y.C. Admin. Code § 8-102(16)(c). The United States District Court for the Southern District of New York (Carter, J.) held that individuals regarded as untreated alcoholics may state a claim under the

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

NYCHRL because analogous claims are available under New York State and federal law. In the absence of authority from New York courts, we cannot predict with confidence how the New York Court of Appeals would reconcile the broad, remedial purpose of the NYCHRL with the specific language of section 8-102(16)(c). Accordingly, we defer decision on this appeal and cross-appeal in order to certify the following question: "Do sections 8-102(16)(c) and 8-107(1)(a) of the New York City Administrative Code preclude a plaintiff from bringing a disability discrimination claim based solely on a perception of untreated alcoholism?"

LISA F. JOSLIN, Gleason, Dunn, Walsh & O'Shea, Albany, NY, *for Plaintiffs–Appellees–Cross-Appellants*.

KATHY CHANG PARK (Richard Dearing and Devin Slack, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY, *for Defendants–Appellants–Cross-Appellees*.

LOHIER, *Circuit Judge*:

In this disability discrimination case we consider a provision of the New York City Human Rights Law ("NYCHRL") that, as relevant to this appeal, defines the term "disability" in a way that excludes alcoholics who are not "recovered" or "recovering" from the protection of the statute. See N.Y.C. Admin. Code § 8-102(16)(c). Plaintiffs Kathleen Makinen and Jamie Nardini brought suit under the NYCHRL and its New York State and federal counterparts alleging discrimination based on a mistaken perception that they

were alcoholics. The City of New York and the individual defendants, former Commissioner Raymond W. Kelly of the New York City Police Department ("NYPD") and NYPD Sergeant Daniel J. Sweeney, argued principally that the plaintiffs' claims were barred by the plain text of the NYCHRL because the plaintiffs were not (and were not perceived to be) recovered or recovering alcoholics. On summary judgment and again on a post-trial motion after a jury verdict partly in favor of the plaintiffs, the United States District Court for the Southern District of New York (Carter, J.) held that individuals regarded as untreated alcoholics may state a claim under the NYCHRL because analogous claims are available under both the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. The defendants appealed, urging certification of the question to the New York Court of Appeals.

In the absence of authority from New York courts, we cannot predict with confidence how the New York Court of Appeals would reconcile the broad, remedial purpose of the NYCHRL with the specific language of section 8-102(16)(c). Accordingly, we defer decision on this appeal and cross-appeal

in order to certify the following question: "Do sections 8-102(16)(c) and 8-107(1)(a) of the New York City Administrative Code preclude a plaintiff from bringing a disability discrimination claim based solely on a perception of untreated alcoholism?"

**BACKGROUND**

Makinen and Nardini served as NYPD officers for several years, during which each was referred to the NYPD's Counseling Services Unit ("CSU"). CSU offers treatment and rehabilitation for officers struggling with substance abuse. Once an officer is referred to CSU with alleged alcohol-related problems, a trained counselor conducts an intake interview and contacts references to gather information regarding the officer's reported alcohol use. If an officer is diagnosed with an alcohol-related condition, CSU staff develop a personal treatment plan, potentially consisting of educational videos, counseling, Alcoholics Anonymous meetings, outpatient treatment, or inpatient treatment. An officer who refuses treatment is referred to the NYPD's Medical Division, which may direct the officer to undergo treatment. That direction constitutes an order with which the officer must comply or face disciplinary action. The officer is entitled to challenge the disciplinary action

4

in administrative proceedings by filing a grievance with the agency that oversees CSU or through an Article 78 proceeding. Otherwise, once an officer is diagnosed with an alcohol-related problem, receipt by CSU of subsequent evidence of alcohol consumption triggers a mandatory reassessment and, potentially, further treatment.

Officers Makinen and Nardini were referred to CSU by an ex-husband and an ex-boyfriend, respectively. Each received an alcohol-related diagnosis and was directed to undergo treatment. As it turned out, the parties agree, Makinen and Nardini were not actually alcoholics.[1] They filed suit in New York Supreme Court, claiming primarily that the defendants mistakenly perceived that they were alcoholics and discriminated against them on the basis of that perceived disability, in violation of the NYCHRL, NYSHRL, and ADA. The defendants removed the case to federal court and moved for summary judgment. The District Court granted partial summary judgment in their favor, leaving for a jury trial both plaintiffs' NYCHRL claims as well as Makinen's NYSHRL and ADA claims. Makinen v. City of New York, 53 F.

---

[1] The jury necessarily rejected the defendants' affirmative defense that the plaintiffs were alcoholics and therefore unable to perform the essential duties of their jobs. See N.Y.C. Admin. Code § 8-107(15)(b).

Supp. 3d 676 (S.D.N.Y. 2014). A jury rejected Makinen's State and federal claims, but rendered a verdict in favor of both Makinen and Nardini on their NYCHRL claims, awarding compensatory and punitive damages.

The defendants moved for a new trial and for judgment as a matter of law, arguing that the NYCHRL does not extend to untreated alcoholism. The District Court denied the motions in relevant part, Makinen v. City of New York, 167 F. Supp. 3d 472 (S.D.N.Y. 2016), and the defendants appealed, arguing that (1) the NYCHRL does not protect an employee who is perceived to be an untreated alcoholic, (2) the District Court applied an incorrect adverse employment action standard, and (3) the evidence did not support Commissioner Kelly's individual liability or the imposition of punitive damages against Sergeant Sweeney. In this opinion, we address only the first issue relating to untreated alcoholism, on which the plaintiffs' NYCHRL claims depend.[2]

---

[2] The plaintiffs cross-appeal the partial dismissal of their State and federal claims, including Makinen's claim under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. We reserve decision on the issues that are the subject of the cross-appeal pending any response from the New York Court of Appeals on the certified issue.

**DISCUSSION**

Section 8-107(1)(a) of the NYCHRL prohibits employment discrimination based on an "actual or perceived . . . disability." N.Y.C. Admin. Code § 8-107(1)(a). The statute defines "disability" as "any physical, medical, mental or psychological impairment, or a history or record of such impairment." Id. § 8-102(16)(a). "In the case of alcoholism," however, the NYCHRL narrows the definition of "disability" so that it "shall only apply to a person who (1) is recovering or has recovered and (2) currently is free of such abuse." Id. § 8-102(16)(c).

In view of section 8-102(16)(c), we consider whether a plaintiff may state a claim under section 8-107(1)(a) if she is perceived to be an untreated alcoholic. The defendants urge that the plain text of section 8-102(16)(c) forecloses such a claim, as only recovered or recovering alcoholics are defined as having a disability. Makinen and Nardini argue that the limitation in section 8-102(16)(c) applies only "in the case of alcoholism"—that is, only when a plaintiff in fact suffers from alcoholism, not when she is mistakenly perceived to be an alcoholic.

7

The original 1981 Committee Report accompanying the passage of what would become section 8-102(16)(c) explains that "only an individual who 'is recovering and currently free of abuse'" is "entitled to the law's protection." 1981 N.Y.C. Legis. Ann. at 28.  Under this description, an employer may take appropriate action under section 8-107(1)(a) against an employee it believes, rightly or wrongly, suffers from alcoholism but is neither recovered nor recovering (or is not "currently free of abuse").

But this construction seems in tension with the New York City Council's stated intention of affording plaintiffs who sue under the NYCHRL all of the protection guaranteed by comparable provisions of State and federal law.  The City Council passed the Local Civil Rights Restoration Act of 2005 out of a concern that the NYCHRL had been "construed too narrowly to ensure protection of the civil rights of all persons covered by the law."  Local Civil Rights Restoration Act of 2005, N.Y.C. Local Law No. 85, at § 1 (Oct. 3, 2005) ("Restoration Act").  The City Council therefore provided as follows:

> Interpretations of New York state or federal statutes with similar wording may be used to aid in interpretation of the New York City Human Rights Law, viewing similarly worded provisions of federal and state civil rights laws as a floor below which the City's Human Rights law cannot fall, rather than a ceiling above which the local law cannot rise.

_Id._ The City Council also amended Administrative Code section 8-130 to emphasize the NYCHRL's "uniquely broad and remedial purposes," _id._ § 7, and more recently amended the section again to clarify its intent to foster jurisprudence "maximally protective of civil rights in all circumstances," N.Y.C. Local Law No. 35, at § 1 (Mar. 28, 2016). We have understood the Restoration Act to create a "one-way ratchet" that requires us to construe the NYCHRL "more liberally" than its State and federal counterparts. _Loeffler v. Staten Island Univ. Hosp._, 582 F.3d 268, 278 (2d Cir. 2009) (quotation marks omitted); _see also_ _Albunio v. City of New York_, 16 N.Y.3d 472, 477–78 (2011) (requiring that the NYCHRL be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible").

The relevant State and federal counterparts in this case—the NYSHRL and ADA—treat alcoholism as an impairment that can form the basis of a disability discrimination suit. _See_ _McEniry v. Landi_, 84 N.Y.2d 554, 558–59 (1994) (NYSHRL); _Reg'l Econ. Cmty. Action Program, Inc. v. City of Middletown_, 294 F.3d 35, 46 (2d Cir. 2002) (ADA), _superseded by statute on other grounds_, ADA Amendments of 2008, Pub. L. No. 110–325, 122 Stat. 3553. Both statutes also prohibit discrimination on the basis of a perceived

impairment.  See N.Y. Exec. Law § 292(21)(c); 42 U.S.C. § 12102(1)(C), (3)(A).

But neither statute is limited to recovering or recovered alcoholics.  See N.Y.

Exec. Law §§ 292(21)(a), 296(1)(a); 42 U.S.C. §§ 12102, 12114.[3]

On the one hand, as the plaintiffs argue, because the NYSHRL and

ADA prescribe a floor below which employee protections may not fall, the

NYCHRL should not be interpreted to exclude untreated alcoholics.  On the

other hand, we recognize that neither the NYSHRL nor the ADA contains a

"similarly worded provision[],"Restoration Act § 1, comparable to the

NYCHRL's limitation on the definition of disability in the form of alcoholism.

Insofar as the text of section 8-102(16)(c) specifically differs from that of its

State and federal counterparts, we are arguably constrained by the text, since

the "one-way ratchet," Loeffler, 582 F.3d at 278, operates only "to the extent

that such a construction is reasonably possible," Albunio, 16 N.Y.3d at 477–78.

---

[3] We recognize that both the NYSHRL and the ADA require a plaintiff to demonstrate as an element of her claim that she was able to perform the essential duties of her job with or without a reasonable accommodation.  See Jacobsen v. N.Y.C. Health & Hosps. Corp., 22 N.Y.3d 824, 834 (2014) (NYSHRL); McMillan v. City of New York, 711 F.3d 120, 125 (2d Cir. 2013) (ADA).  But under the NYCHRL, whether an employee can perform the "essential duties" of her job arises only as an affirmative defense available to the employer.  Jacobsen, 22 N.Y.3d at 835.  Accordingly, the question here is whether a plaintiff who sues under the NYCHRL can establish a prima facie case of discrimination based only on a perception of untreated alcoholism and an employment action causally linked to that perception.

10

The defendants point us to <u>Zakrzewska v. New School</u>, where the New York Court of Appeals construed the "unambiguous" text of section 8-107 of the NYCHRL "to give effect to its plain meaning" even though the City law did not "match up" with State law.  14 N.Y.3d 469, 479 (2010) (quotation marks omitted).  But <u>Zakrzewska</u> is somewhat inapposite, as it held that the NYCHRL's plain language foreclosed an <u>employer's</u> affirmative defense rather than a plaintiff's cause of action.  <u>See id.</u>  The decision therefore comported with the City Council's support of employees under the "uniquely broad and remedial" NYCHRL.  <u>See</u> Restoration Act § 7.  No New York court decision of which we are aware, however, addresses either the specific question here or an analogous provision of the NYCHRL that on its face provides narrower protection for employees than is required under State or federal law.

**CERTIFICATION**

Second Circuit Local Rule 27.2 permits us to certify to the New York Court of Appeals "determinative questions of New York law [that] are involved in a case pending before [us] for which no controlling precedent of the Court of Appeals exists."  N.Y. Comp. Codes R. & Regs. tit. 22, § 500.27(a);

11

see also N.Y. Const. art. VI, § 3(b)(9). "In deciding whether to certify a question, we consider: (1) the absence of authoritative state court interpretations of [the law in question]; (2) the importance of the issue to the state, and whether the question implicates issues of state public policy; and (3) the capacity of certification to resolve the litigation." Georgitsi Realty, LLC v. Penn-Star Ins. Co., 702 F.3d 152, 158 (2d Cir. 2012) (quotation marks omitted). Here, each factor favors certification.

First, as we have explained, no State court has addressed whether sections 8-102(16)(c) and 8-107(1)(a) permit a plaintiff to bring a disability discrimination claim based solely on a perception that the plaintiff suffered from untreated alcoholism. This factor weighs heavily in favor of certification: "New York has a strong interest in deciding the issue certified rather than having the only precedent on point be that of the federal court, which may be mistaken." Carney v. Philippone, 332 F.3d 163, 172 (2d Cir. 2003) (quoting Great N. Ins. Co. v. Mount Vernon Fire Ins. Co., 143 F.3d 659, 662 (2d Cir. 1998)).

Second, "the question identified for certification presents important issues of New York law and policy." Doe v. Guthrie Clinic, Ltd., 710 F.3d 492,

12

497–98 (2d Cir. 2013) (quotation marks omitted). Both section 8-102(16)(c) and the Restoration Act reflect careful policy judgments. The former arguably seeks to protect only recovering alcoholics, while the latter seeks to ensure that employees with disabilities do not receive less protection under City law than they receive under State and federal law. A New York court should determine in the first instance which of these judgments ought to prevail in the event they conflict. See Chauca v. Abraham, 841 F.3d 86, 94 (2d Cir. 2016). The question presented also broadly affects the viability of employer-sponsored rehabilitation programs in New York, has practical ramifications for the NYPD in particular, and is likely to recur, see MacShane v. City of New York, No. 06-CV-06024, 2015 WL 1298423, at *22 (E.D.N.Y. Mar. 23, 2015).

Finally, if on certification the New York Court of Appeals determines that the plaintiffs cannot state a claim for relief based on a perception of untreated alcoholism, that decision would entitle the defendants to judgment as a matter of law and render moot the remaining issues in the defendants' appeal.

**CONCLUSION**

For the foregoing reasons, we certify the following question to the New York Court of Appeals:

> Do sections 8-102(16)(c) and 8-107(1)(a) of the New York City Administrative Code preclude a plaintiff from bringing a disability discrimination claim based solely on a perception of untreated alcoholism?

In certifying this question, we understand that the New York Court of Appeals may reformulate or expand the certified question as it deems appropriate.

It is hereby ORDERED that the Clerk of this Court transmit to the Clerk of the New York Court of Appeals a certificate in the form attached, together with a copy of this opinion and a complete set of briefs, appendices, and the record filed by the parties in this Court. This panel will retain jurisdiction to decide the case once we have had the benefit of the views of the New York Court of Appeals or once that court declines to accept certification. Finally, recognizing that the defendants have indicated their willingness to expedite proceedings before the New York Court of Appeals, see N.Y. Comp. Codes R. & Regs. tit. 22, § 500.17(b), we order the parties to bear equally any fees and

14

costs that may be requested by the New York Court of Appeals. Decision is RESERVED.

**CERTIFICATE**

The foregoing is hereby certified to the Court of Appeals of the State of New York pursuant to Second Circuit Local Rule 27.2 and New York Codes, Rules, and Regulations title 22, § 500.27(a), as ordered by the United States Court of Appeals for the Second Circuit.