16-973-cv(L)
Makinen, et al. v. City of N.Y., et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of January, two thousand eighteen.

PRESENT:  ROBERT D. SACK,
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

-----------------------------------------------------------------

KATHLEEN MAKINEN, JAMIE NARDINI,

*Plaintiffs–Appellees–Cross-Appellants*,

v.

Nos. 16-973-cv(L),
16-1080-cv(XAP)

CITY OF NEW YORK, RAYMOND W. KELLY, as Police Commissioner of the City of New York, DANIEL J. SWEENEY, individually and in his official capacity,

*Defendants–Appellants–Cross-Appellees*.

-----------------------------------------------------------------

FOR APPELLANTS:  KATHY CHANG PARK (Richard Dearing and Devin Slack, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

FOR APPELLEES:  LISA F. JOSLIN, Gleason, Dunn, Walsh & O'Shea, Albany, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Andrew L. Carter, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED in part and REVERSED in part.

The City of New York and the individual defendants, former Commissioner Raymond W. Kelly of the New York City Police Department ("NYPD") and NYPD Sergeant Daniel J. Sweeney, appeal from a June 26, 2015 judgment and a March 1, 2016 order of the District Court (Carter, J.) partially denying their motion for judgment as a matter of law and denying their motion for a new trial.   Plaintiffs Kathleen Makinen and Jamie Nardini cross-appeal from an award of summary judgment in favor of the defendants on certain of

2

plaintiffs' claims.   We assume the parties' familiarity with the facts and record of the prior proceedings, as set forth in our prior decision in <u>Makinen v. City of New York</u>, 857 F.3d 491 (2d Cir. 2017), to which we refer only as necessary to explain our decision to affirm in part and reverse in part.

1.   <u>Defendants' Appeal</u>

On appeal, the defendants argue primarily that the plaintiffs' New York City Human Rights Law ("NYCHRL") claims are barred by the plain text of the NYCHRL because the plaintiffs were not (and were not perceived to be) recovered or recovering alcoholics.   <u>See</u> N.Y.C. Admin. Code § 8-102(16)(c). Finding that the appeal raised an important unsettled question of New York law, we certified to the New York Court of Appeals the following question: "Do sections 8-102(16)(c) and 8-107(1)(a) of the New York Administrative Code preclude a plaintiff from bringing a disability discrimination claim based solely on a perception of untreated alcoholism?"   <u>Makinen</u>, 857 F.3d at 497.   By decision dated October 17, 2017, the Court of Appeals "answer[ed] the certified question in the affirmative," concluding that "the Administrative Code does not consider a mistaken perception of alcoholism to be a disability covered by the

3

NYCHRL." Makinen v. City of N.Y., 30 N.Y.3d 81, 83, 89 (2017). The Court of Appeals' answer to the certified question is dispositive of the defendants' appeal and renders the remaining issues in that appeal moot. We therefore reverse the judgment of the District Court with respect to the NYCHRL claims of both plaintiffs.

2. Plaintiffs' Cross-Appeal

a. FLSA

On cross-appeal, Makinen argues that the District Court erred in dismissing her claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., to compensate her for time spent in mandated alcohol treatment. We disagree. The time Makinen spent in outpatient rehabilitation sessions, private counseling sessions, and Alcoholics Anonymous meetings was not an "integral and indispensable part of [her] principal activities" as a police officer and therefore not compensable "work" under the FLSA. Chao v. Gotham Registry, Inc., 514 F.3d 280, 285 (2d Cir. 2008); see also Integrity Staffing Sols., Inc. v. Busk, 135 S. Ct. 513, 519 (2014) ("The integral and indispensable test is tied to the productive work that the employee is employed to perform."). Accordingly,

4

the District Court properly granted summary judgment to the defendants on Makinen's FLSA claim.

### b. Constructive Discharge

We also reject the plaintiffs' contention that the District Court erred in dismissing Makinen's constructive discharge claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 et seq., and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq. To succeed on a constructive discharge claim, an employee must "show both (1) that there is evidence of the employer's intent to create an intolerable environment that forces the employee to resign, and (2) that . . . a reasonable person would have found the work conditions so intolerable that he would have felt compelled to resign." Shultz v. Congregation Shearith Israel of N.Y., 867 F.3d 298, 308 (2d Cir. 2017) (quotation marks omitted). Makinen did not show that the Counseling Services Unit ("CSU") process was objectively intolerable. See Petrosino v. Bell Atl., 385 F.3d 210, 230 (2d Cir. 2004). Makinen remained on the force for several years after her initial alcoholism diagnosis and nearly a year after the imposition of her final treatment plan, retiring only after she reached her twentieth year of service

5

and became qualified for pension benefits. Under these circumstances, we cannot conclude that Makinen's working conditions were so intolerable that she was "compelled" to retire. Shultz, 867 F.3d at 308; see Spence v. Md. Cas. Co., 995 F.2d 1147, 1156 (2d Cir. 1993).

c. ADA and NYSHRL

Finally, Nardini asserts that she raised a genuine dispute of material fact about whether she suffered an adverse employment action because of her perceived disability. Even though imposing a probationary period on an employee could, under certain circumstances, constitute an adverse employment action, we reject Nardini's argument that her treatment in this case was "akin to a form of probation." Appellees' Br. 57. Although there is record evidence that Nardini will be re-referred to the CSU if NYPD officials conclude she has consumed alcohol, Nardini failed to show that this referral alone would "materially . . . change . . . the terms and conditions" of her employment. Sanders v. N.Y.C. Human Res. Admin., 361 F.3d 749, 755 (2d Cir. 2004). Indeed,

6

the NYPD's Patrol Guide[1] makes clear that referral to the CSU does "not jeopardize [an officer's] promotional opportunities" or ordinarily change her "current assignments." NYPD Patrol Guide § 203–04. We therefore agree with the District Court that the defendants were entitled to summary judgment on Nardini's ADA and NYSHRL claims.

We have considered the plaintiffs' remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED in part and REVERSED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Although our conclusion does not depend on our doing so, we take judicial notice of the Patrol Guide pursuant to Federal Rule of Evidence 201.