Pichardo v Carmine's Broadway Feast Inc. (2021 NY Slip Op 06565)





Pichardo v Carmine's Broadway Feast Inc.


2021 NY Slip Op 06565


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Acosta, P.J., Gische, Singh, Scarpulla, Mendez, JJ. 


Index No. 160117/15 Appeal No. 14674 Case No. 2021-00050 

[*1]Raul Pichardo, Plaintiff-Appellant,
v
Carmine's Broadway Feast Inc., Defendant-Respondent.


Levine & Blit, PLLC, New York (Matthew J. Blit of counsel), for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for respondent.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered December 4, 2020, which, insofar as appealed from as limited by the briefs, granted in part defendant's motion for summary judgment, unanimously modified, on the law, to deny defendant's motion insofar as it seeks dismissal of the hostile work environment claims under the New York City Human Rights Law, and otherwise affirmed, without costs.
In support of his claim of a hostile work environment based on his race or color, which he commenced in October 2015, plaintiff cited incidents of allegedly harassing conduct in 2011 and early 2012, outside the three-year limitations period for commencing a discrimination action under the New York State Human Rights Law (State HRL) and the City Human Rights Law (City HRL) (CPLR 214[2]; Administrative Code of City of the City of New York § 8-502[d]). Plaintiff failed to cite any other incidents with any specificity in late 2012 through 2014. The only two other incidents he described, in May and September 2015 — both within the limitations period — largely involved different coworkers who purportedly engaged in harassing conduct under different circumstances. Thus, the later incidents do not evince a consistent pattern warranting application of the continuing violation doctrine to the earlier time-barred conduct (see Williams v New York City Hous. Auth., 61 AD3d 62, 81 [1st Dept 2009], lv denied 13 NY3d 702 [2009]; Herrington v Metro-North Commuter R.R. Co., 118 AD3d 544, 544 [1st Dept 2014]; Ferraro v New York City Dept. of Educ., 115 AD3d 497, 497-498 [1st Dept 2014]).
As to the conduct at issue that is not barred by the limitations period, although the motion court properly concluded that it does not rise to the level of "severe and pervasive" under the applicable pre-2019 State HRL, plaintiff has raised triable issues of fact regarding the hostile work environment claims under the more protective City HRL (Williams, 61 AD3d at 74; Executive Law § 296[1][a]; Administrative Code § 8-107[1][a][2], [3]). There was evidence that in May and September 2015, several of plaintiff's coworkers referred to him by using the Spanish word for "monkey," a racially humiliating and degrading term. Further, the evidence suggested that other coworkers and supervisors, if not everyone at the restaurant, knew that certain employees were using that term to refer to plaintiff (see White v BFI Waste Servs., LLC, 375 F3d 288, 298 [4th Cir 2004]; Sims v Trustees of Columbia Univ. in the City of N.Y., 168 AD3d 622, 623 [1st Dept 2019]). Under these circumstances, triable issues exist as to whether this rises above the level of a "truly insubstantial" case (Williams, 61 AD3d at 80). The evidence also raised triable issues as to whether plaintiff was treated differently from other employees of his ethnic background because of his skin color (see Williams, 61 AD3d at 78; see generally Gonzalez v EVG, Inc., 123 AD3d 486, 487-488 [1st Dept 2014]).
Furthermore, triable issues [*2]of fact exist as to whether defendant was liable for the comments of its workers, and whether defendant took "immediate and appropriate corrective action" to prevent the conduct (Administrative Code § 8-107[13][b][2]; Zakrewska v The New School, 14 NY3d 469, 479 [2010]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021